Argued and submitted December 21, 1988, affirmed February 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE RUIZ LOPEZ,
*Appellant.*

(88-02-4251-C; CA A48368)

768 P2d 934

J. Marvin Kuhn, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He claims that the trial court erred in denying his motion to suppress. We affirm.

The trial court found these facts, which are supported by evidence in the record. The Malheur County Narcotics Task Force was conducting surveillance of defendant. It knew that he was a heroin addict and that his driving privileges had been suspended. On January 12, 1988, Deputy Sheriff Brunner, a member of the task force, saw defendant driving. On January 22, 1988, an officer in the task force saw defendant affix license plates to a vehicle at the residence of Sofia Alexander.[1] The plates were registered to a Toyota pickup in Portland, but the vehicle to which defendant affixed them was not a Toyota pickup. Officers Brunner and Kee watched Alexander and defendant as they drove to a house in Caldwell, Idaho. Defendant entered the house and came out five minutes later. From there, he and Alexander drove to a parking lot, where the officers saw them repeatedly light a cigarette lighter.[2] Alexander and defendant then returned to Ontario, Oregon, and moments later defendant removed the license plates that he had put on the car earlier. Alexander dropped defendant off at an intersection in Ontario.

As defendant walked down the street, Brunner and Kee arrested him for driving while suspended, based on Brunner's January 12 observation. Officers Cummings and Hartley arrived at the scene. During a pat-down search, Cummings discovered two syringes. A second, more thorough, search was then conducted, which revealed heroin in defendant's possession.

Defendant concedes that the police could pat him down incident to his arrest for driving while suspended. He argues, however, that there was no justification for the second, more thorough search that revealed the heroin. We disagree.

When the police conducted the second search, they

---

[1] Although the trial court made no finding on the matter, Alexander apparently lived in Ontario.

[2] At the suppression hearing, Brunner testified that heroin is heated before being used.

had probable cause to arrest defendant for possession of heroin and to search for heroin incident to that arrest. The officers had seen a known heroin addict place license plates on a car to which the plates did not belong, enter a house for five minutes, and then go directly to a motel parking lot, where a lighter was repeatedly used in the car in a manner consistent with the heating of heroin. A short time later, they discovered two syringes on defendant. At that point, the officers had probable cause to arrest him for possession of heroin and, therefore, to search him for evidence of that crime. *State v. Owens,* 302 Or 196, 200, 729 P2d 524 (1986); *State v. Weiland,* 72 Or App 25, 28, 695 P2d 85, *rev den* 299 Or 32 (1985).

Affirmed.