Argued and submitted July 14, affirmed October 25, 1989

# STATE OF OREGON,
*Appellant,*

*v.*

# STEPHEN ROY SCHEER,
*Respondent.*

(C88-04-31647; CA A49736)

781 P2d 859

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was charged with delivery of a controlled substance, ORS 475.992(2)(a), being an ex-convict in possession of a firearm, ORS 166.270(1), and possession of a controlled substance. ORS 475.992(4). The state appeals a pretrial order suppressing evidence seized during a warrantless search of defendant and his automobile following a valid stop of the automobile. We affirm.

After Officer Hendricks stopped defendant for driving with obstructed license plates, he approached the car and asked defendant for his driver's license. Defendant searched his wallet, then his pants pockets and jacket without success. Although he insisted that he had his license, he failed to produce it after the officer waited for several minutes. While waiting, Hendricks asked defendant his name. Defendant responded, but Hendricks said that he heard only his first name, did not ask him to repeat his name at that time[1] and did not ask for any other piece of identification.

Hendricks then arrested defendant for failing to present his driver's license, ORS 807.570(1)(b)(A),[2] ordered him out of the car and handcuffed him. The officer proceeded to search defendant for his driver's license. He found a .38 caliber revolver, a baggie containing a white substance, some marijuana and $2,000 in cash,[3] all of which he seized.

---

[1] Defendant's identity was subsequently confirmed by a radio check after defendant and his car had been thoroughly searched.

[2] ORS 807.570 provides, in pertinent part:

"(1)  A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

"* * * * *

"(b)  Does not present and deliver such license or permit to a police officer when requested by the police officer under any of the following circumstances:

"(A)  Upon being lawfully stopped or detained when driving a vehicle.

"* * * * *

"The offense described * * * is a Class C misdemeanor."

[3] Subsequent searches of defendant and his car disclosed, among other things, approximately one half pound of marijuana in one-ounce sealed bags, a canister filled with a small amount of heroin, a cashier's check for $4,000 and what the police believed to be the bolt of a machine gun. The parties agree that the admissibility of that evidence turns on the lawfulness of the initial search, which led to the seizure of the .38 caliber revolver.

■■■ The state conceded below that the search was not a search for weapons for protection of the officer and did not argue that it was necessary to prevent the destruction of evidence. Its position was and is that the search was lawful incident to defendant's valid arrest in order to find his driver's license, because that purpose was reasonably related to the crime for which the arrest had been made. *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982). The argument seems to be that the license itself is evidence reasonably related to the crime. However, the crime was completed when defendant failed to produce the license. Finding it might produce evidence that would be a defense to the charge, ORS 805.570(3); however, it would not be evidence of the crime.[4] Searches to discover exculpatory evidence are not permissible. *State v. O'Neal*, 251 Or 163, 444 P2d 951 (1968), *overruled on other grounds, State v. Florance*, 270 Or 169, 527 P2d 1202 (1974); *but see State v. Caraher, supra.*

The state argues that the offense of failing to present a driver's license is "intimately connected with possession and control of the license." In possessory offenses, of course, a search for evidence related to the arrest is permissible. *See, e.g., State v. Lopez*, 95 Or App 325, 768 P2d 934 (1989); *State v. Spencer*, 92 Or App 459, 758 P2d 885 (1988). However, evidence of possession of a driver's license is irrelevant to the offense of failing to present a driver's license, which is completed by failing to present the license when requested to do so

---

[4] Relying on *State v. Fesler*, 68 Or App 609, 685 P2d 1014, *rev den* 297 Or 547 (1984), the state argues that the license, if found, could be invalid for any number of reasons and would thus be evidence of *why* defendant failed to present it. The state's reliance is misplaced. In *Fesler*, the defendant was arrested for driving while his license was suspended and for giving a false name in response to an inquiry regarding his identity. We upheld the search for identification as related to the crime of giving a false name. *State v. Smith*, 82 Or App 636, 729 P2d 10, *rev den* 302 Or 614 (1987), makes that clear:

"*Fesler held that the search for identification related in two ways to the crime of giving a false name.* First, correctly identifying the defendant would relate to whether he had lied about his identity. Second, hiding the wallet would tend to show that the defendant knew that his license was suspended, which in turn would explain his motives for giving a false name. * * * *Fesler* did not hold that the identification evidence would tend to prove the DWS charge." 82 Or App at 640. (Emphasis supplied.)

Like the offense of driving while suspended, motive is irrelevant to the offense of failing to produce a driver's license. Defendant's conduct is sufficient, regardless of why he chose not to present his license.

by a police officer, regardless of whether the defendant has a driver's license in his possession. ORS 807.570(1)(b).

Affirmed.