Argued and submitted December 4, 1989, reversed and remanded June 6, 1990

## STATE OF OREGON,
### *Respondent,*

*v.*

## STEVEN ALLEN NELSON,
### *Appellant.*

### (PO51388; CA A60415)

792 P2d 486

Elisabeth Doran Jacobs, Portland, argued the cause for appellant. With her on the brief was Multnomah Defenders, Inc., Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for giving false information to a police officer.[1] ORS 807.620. We reverse.

Portland Police Officer Janzen stopped defendant for driving at an excessive speed. He asked defendant for his driver's license. Defendant told Janzen that he did not have a license or any other form of identification. He said that his name was Michael Joseph Nelson and that he was born November 21, 1970. Janzen noted that defendant was nervous and answered questions hesitantly. Janzen asked him to step out of his car, which he did. Janzen then asked defendant if he had a wallet. Defendant did not answer. Janzen turned defendant around to see if he had a wallet in his back pocket. Defendant pulled away, started to struggle and tried to reach for something in the back of his waistband. Janzen testified that, at this point, he was concerned for his safety. He pushed defendant up against the car and reached into defendant's waistband, where he found a wallet. In the wallet was an Oregon Department of Motor Vehicles identification card for Steven Allen Nelson, born March 11, 1965, with a picture of defendant. Defendant then admitted that he had given a false name to Janzen.

Defendant argues that the trial court erred in not suppressing the evidence discovered in Janzen's search. The state contends that the search of defendant's person and his wallet was permissible, because it was incident to defendant's arrest for failure to present a driver's license. However, we held in *State v. Scheer,* 99 Or App 80, 781 P2d 859 (1989), that evidence of possession of a driver's license was irrelevant to the offense of failing to present a driver's license because, even if a driver's license were found, it would not be evidence of that offense. The license might be evidence that would be a defense to the charge, but searches to discover exculpatory evidence are not permissible. 99 Or App at 83.

The state argues that this case is distinguishable from *Sheer,* because here the officer was not looking for a driver's license, but for some evidence of defendant's identity "for the purposes of ensuring that he does not escape the

---

[1] Defendant did not appeal his convictions for driving with no operator's license, ORS 807.570, and driving in excess of the posted speed limit. ORS 811.100.

consequences of his actions by lying" about his identity. ORS 807.570(4) allows an officer to detain a person arrested or cited for failing to present a driver's license "for such time as reasonably necessary to investigate and verify the person's identity." However, this statute does not authorize a warrantless search for evidence of identity.[2] The motion to suppress should have been granted.[3]

Reversed and remanded.

---

[2] Evidence of identity would be relevant to the offense of providing false information to a police officer. ORS 807.620. The state does not argue that Janzen had probable cause to arrest defendant for providing false information to a police officer.

[3] In view of our disposition of the first assignment of error, it is unnecessary to address defendant's other assignment of error.