Argued and submitted February 28, conviction for giving false information to a police officer affirmed; conviction for ex-convict in possession of a firearm reversed and remanded for new trial August 1, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## ROCKY ALLEN TOWLE
aka Richard Allen Towle,
*Appellant.*

## (10-88-10299; CA A60141)

796 P2d 1208

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals his conviction, on stipulated facts, for being an ex-convict in possession of a firearm, ORS 166.270(1), and for giving false information to a police officer. ORS 807.620. He assigns error to the denial of his motion to suppress evidence of a firearm found during a search of his vehicle. Because we conclude that the motion should have been granted, we reverse the firearm conviction but affirm the conviction for giving false information to a police officer.

Officer Putnam of the Springfield Police Department stopped defendant for an improper right-hand turn. When asked for his driver's license, defendant responded that he had no driver's license and that he did not have "any identification." Defendant showed the officer a vehicle registration in the name of Violet Markel. When Putnam asked defendant his name, he said, "Dean Markel." Putnam asked defendant his middle name; defendant paused and then responded "Christopher." Putnam asked his date of birth; defendant again hesitated before answering "10-22-60." Defendant's hesitancy aroused Putnam's suspicion that defendant was lying about his identity.

Putnam arrested defendant for failure to present a driver's license, ORS 807.570(1)(b)(A), handcuffed him and put him in the back of the police car. After a records check failed to reveal any record under the name "Dean Christopher Markel,"[1] Putnam thoroughly searched the interior of defendant's vehicle for evidence of his identity. He removed a closed suitcase from the back seat, opened it and found the revolver that defendant seeks to suppress.[2] As Putnam was concluding his search, another officer appeared on the scene and recognized defendant from a previous arrest. He correctly identified him as Rocky Towle.

The trial court concluded that ORS 807.570(4) authorized the search of defendant's vehicle and the suitcase. It provides:

---

[1] We cannot tell from the record whether a negative records check indicated that no driver's license existed under the name of Dean Christopher Markel or whether no record of any kind existed under that name.

[2] Putnam also found a driver's license that did not belong to defendant or the other passenger in the car.

> "A police officer may detain a person arrested or cited for the offense of [failure to present a driver's license] only for such time as reasonably necessary to investigate and verify the person's identity."

That subsection only authorizes *detention* for the time reasonably necessary to "investigate and verify" identification. It does not, as we held in *State v. Nelson,* 102 Or App 106, 109, 792 P2d 486 (1990), "authorize a warrantless search for evidence of identity."

■    Neither can the search be justified, as the state contends, because it was incident to defendant's arrest for failure to present a driver's license. We rejected that argument in *State v. Scheer,* 99 Or App 80, 781 P2d 859 (1989), and again in *State v. Nelson, supra.*[3] Identification, although clearly relevant to issuing a citation, is not relevant to the offense of failure to present a driver's license and, therefore, not "relevant to the crime for which defendant was arrested." *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982).[4]

Because ORS 807.570 permits an officer to issue a citation or to make an arrest, a stopped person who fails to satisfy the officer of his identity may be taken into custody and to jail to give the officer time to ascertain his identity. The officer may not, however, search him or his effects for identification. Therefore, the motion to suppress should have been granted.

Defendant gives no reason to reverse his conviction for giving false information to a police officer, and we sustain it.

Conviction for giving false information to a police officer affirmed; conviction for ex-convict in possession of a firearm reversed and remanded for a new trial.

---

[3] Both cases were decided after the trial in this case.

[4] The state does not argue that the search could be justified as incident to defendant's arrest for giving false information to a police officer. It implicitly concedes that the search preceded the officer's having probable cause to arrest defendant for that crime.