Argued and submitted June 4, reversed and remanded for new trial September 5, 1990

STATE OF OREGON,
*Respondent,*

*v.*

ROYAL JONES, JR.,
*Appellant.*

(C88-12-38048; CA A61944)

797 P2d 385

Doreen Stamm Margolin, Portland, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Assistant Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his convictions, on stipulated facts, for possession of controlled substances, ORS 475.992, and an ex-convict in possession of a weapon. ORS 166.270. He contends that the trial court erred in denying his motion to suppress evidence that was obtained after an unlawful stop. We reverse and remand.

Officer McGetrick saw defendant standing on a street corner in a purported high drug and crime area. When defendant attempted to walk past the patrol car, McGetrick thought that he was holding his left hand in a "funny manner." McGetrick got out of the car and asked defendant if he had anything in his hands. After defendant showed him that his hands were empty, McGetrick asked for some identification. Defendant began to hand over his identification, but then stopped. McGetrick then asked defendant for permission to search him. Defendant refused.

McGetrick again asked defendant for identification. Defendant then handed him his Oregon I.D. card. A records check revealed that there was an outstanding warrant for defendant's arrest for driving while suspended. McGetrick arrested defendant and searched him. He removed a sawed-off rifle from defendant's pant leg and a metal Sucrets box from his pocket. McGetrick shook the box and thought that it contained a razor blade. He opened it and discovered razor blades and several bindles containing what proved to be heroin and cocaine. Continuing the search, McGetrick also found syringes and a blackened spoon in one of defendant's socks.

Defendant first contends that, because the stop was unlawful, all evidence seized was "fruit of the poisonous tree" and that the trial court erred in denying his motion to suppress. We rejected that argument in *State v. Carmickle,* 97 Or App 269, 271, 775 P2d 908 (1989):

> "[E]ven if the stop was unlawful, the search from which the evidence was obtained occurred after, and as a result of, his arrest pursuant to an outstanding warrant. The arrest warrant and the arrest under the warrant purged the evidence of the taint of illegality. *State v. Dempster,* 248 Or 404, 434 P2d 746 (1967); *State v. Synder,* 72 Or App 359, 695 P2d 958, *rev den* 299 Or 251 (1985)."

Accordingly, the trial court properly denied suppression of the sawed-off rifle.

■　　　However, the Sucrets box presents a different problem. Defendant contends that, even if the warrant purged the evidence of the taint of illegality, the contents of the metal Sucrets box should be suppressed.[1] He argues that the opening of the box and the inspection of its contents cannot be justified as a search incident to his arrest.[2]

We agree. Even if the officer was justified in removing the box for his own protection or to prevent defendant from escaping, see State v. Smith, 103 Or App 113, 796 P2d 665 (1990), once it was in his possession, he no longer had reason to believe that it posed a threat to him in either respect. If he thought that it contained a razor blade that could be used as a weapon or a means of escape, he could simply have withheld it from defendant. Because there is nothing to suggest that the box contained evidence of the crime for which defendant was arrested, the opening of the box and inspection of its contents was unlawful.

Reversed and remanded for a new trial.

---

[1] The trial court concluded that the evidence inevitably would have been discovered during an inventory search. As the state points out, however, there is an insufficient basis for that conclusion, because the record is silent with respect to the booking process. State v. Perry, 298 Or 21, 688 P2d 827 (1984).

[2] Defendant does not challenge the seizure of the spoon and syringes from his sock.