STATE OF OREGON,
*Respondent,*

*v.*

TRACY BANKS,
*Appellant.*

(C88-05-33275, C88-07-34671)
(CA A51213 (Control), and CA A51240)
(Cases Consolidated)

797 P2d 383

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his convictions, after a trial to the court on stipulated facts, for possession of a controlled substance, ORS 475.992, and forgery in the first degree. ORS 165.013. He contends that the trial court erred in denying his motion to suppress evidence seized during a warrantless search of his vehicle. We affirm.

Officer Berchard stopped defendant for driving with expired license plates and asked for his driver's license. Defendant replied that he had no driver's license and volunteered that it had been suspended. Berchard arrested defendant for failing to present a driver's license and placed him in the patrol car. When asked for his name, defendant said that it was Tracy Banks. When asked if he could confirm that identity, defendant said that he had no identification, but that the car was registered in his name and that his passenger could identify him. Berchard asked the passenger to identify defendant; the passenger replied that he thought defendant's first name might be Tracy and that he did not know defendant's last name. While talking to the passenger, Berchard saw the car's registration attached to the windshield visor and noticed that the car was registered to Carol Cloud, not to Tracy Banks.

Suspecting that defendant had given a false name, Berchard searched the car for identification. He found a black nylon bag that contained marijuana and drug paraphernalia. He also discovered a wallet that contained the driver's license and identification of "Robert Wilkinson." Defendant initially claimed that the bag and wallet belonged to a hitchhiker that he had picked up, but later admitted that they were his. It was later determined that the wallet had been stolen.

■　　The trial court held that the search for identification was proper as a search incident to defendant's arrest for failing to produce a driver's license. Under *State v. Nelson,* 102 Or App 106, 792 P2d 486 (1990), and *State v. Towle,* 102 Or App 643, 796 P2d 1208 (1990), that conclusion was erroneous.[1] Evidence of identity is not an element of the offense of failure to present a driver's license. ORS 807.570. Accordingly, a

---

[1] Both cases were decided after the trial court's ruling.

search for identification was not "relevant to the crime for which defendant was arrested." *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982).

■ Nevertheless, we uphold the search.[2] ORS 807.570(4) permits an officer to detain a person arrested or cited for failing to present a driver's license "for such time as reasonably necessary to investigate and verify the person's identity." In this case, during the lawful detention, defendant told Burchard that his name was Tracy Banks. When asked to confirm that identity, defendant claimed that the car was registered in his name. When that claim proved to be untrue, Burchard had probable cause to believe that defendant had given him a false name. Because evidence of identity is relevant to the offense of providing false information to a police officer, *State v. Fesler,* 68 Or App 609, 685 P2d 1014 (1984), Burchard was justified in conducting the search of the vehicle for identification.[3]

Affirmed.

---

[2] Defendant does not challenge the scope of the search.

[3] Defendant relies heavily on *State v. Scheer,* 99 Or App 80, 781 P2d 859 (1989), in which we rejected the state's argument that an officer may search for a driver's license under circumstances similar to those in this case. Defendant's reliance, however, is misplaced. In *Scheer,* the officer had probable cause only to believe that the defendant had committed the crime of failure to display a driver's license.