# STATE OF OREGON,
*Respondent,*

*v.*

# SHANE DAVID SAMUEL,
*Appellant.*

(10-89-00465; CA A63430)

802 P2d 700

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Cynthia A. Carter, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Defendant appeals his conviction for unlawful possession of a controlled substance (methamphetamine), ORS 475.992(4), assigning as error the trial court's denial of his motion to suppress evidence taken in a search of his person.

At 6:20 a.m. on January 4, 1989, Officers Underwood and Belshee saw defendant drive into the Daneland Mobile Home Park. The officers were in plain clothes, in an unmarked car. They saw defendant make a loop through the park and decided to follow him. After pausing momentarily at a closed convenience store, defendant reversed his direction and pulled his car next to the officers' car. Defendant rolled down his window and said, "Do you have a problem?" Underwood then got out of his car, identified himself and asked defendant why he had been in the mobile home park. Defendant replied that he was looking for a friend and thought the officer might have been that friend.

Underwood asked defendant for identification. When defendant indicated that he did not have any, Underwood opened the car door and demanded that defendant get out of his car and produce his driver's license. Defendant told Underwood that he did not have a license and then got out of and walked to the rear of his car. When Underwood attempted to pat defendant's rear pocket to determine if he was carrying a wallet, defendant said, "Don't touch me," and tried to reach into his front pocket. Underwood testified that he thought that defendant might be trying to get a weapon, so he pinned him down on the trunk of his car. They struggled, as defendant repeatedly tried to reach into his front pocket. With Belshee's assistance, Underwood was eventually able to handcuff defendant's left arm to his belt.[1] While defendant was restrained by other officers who had arrived at the scene, Underwood reached into defendant's right front pocket and found the methamphetamine.

Defendant first contends that, when he told Underwood that he did not have any identification or a driver's license, "Underwood had no lawful choice but to cite defendant for a violation of ORS 807.010, driving without a license

---

[1] Defendant had a cast on his right arm. He was also eventually restrained with what the parties refer to as a leg "hobble."

[an infraction], and send him on his way." We disagree. Underwood had seen defendant driving the car. When defendant failed to produce a driver's license at Underwood's request, probable cause existed for Underwood to arrest defendant for the class C misdemeanor of failing to present a driver's license.[2] ORS 807.570(1)(b).[3] There is no basis on which to hold that the officer, under the circumstances, must have concluded that defendant could only be guilty of the infraction of driving without a license. We therefore reject this aspect of defendant's suppression claim.

■ Next, defendant argues that, even if Underwood had probable cause to arrest him for failing to present a driver's license, "[t]he search of [his] person exceeded the lawful scope of a search incident to arrest." See State v. Nelson, 102 Or App 106, 792 P2d 486 (1990); State v. Scheer, 99 Or App 80, 781 P2d 859 (1989). However, at the suppression hearing, defense counsel stipulated that "[t]he issue is whether [the officer] had the power to arrest. If he had the power to arrest him, it would be a search incident to the arrest, and there's no problem." Defendant did not challenge the scope of the search in the court below, and we decline to consider it now. See State v. Stroup, 290 Or 185, 204, 620 P2d 1359 (1980); State v. Kessler, 289 Or 359, 371 n 17, 614 P2d 94 (1980); State v. Lovelace, 94 Or App 586, 590, 767 P2d 80, rev den 307 Or 571 (1989).

Affirmed.

---

[2] Defendant does not claim that his initial detention was unlawful, nor does he challenge the lawfulness of Underwood's request that he produce a driver's license.

[3] ORS 807.570 states, in pertinent part:

"(1) A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

"* * * * *

"(b) Does not present and deliver such license or permit to a police officer when requested by the police officer under any of the following circumstances:

"(A) Upon being lawfully stopped or detained when driving a vehicle."