Argued and submitted September 20, 1990, affirmed in part; reversed and remanded in part March 6, reconsideration denied May 1, petition for review denied May 28, 1991

(311 Or 427)

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTONIO ROQUE-ESCAMILLA,
*Appellant.*

(TC89-12727; CA A63227)

806 P2d 1173

Robert E. Thomas, III, Molalla, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant seeks reversal of his convictions for failure to present a driver's license, ORS 807.570, furnishing false information to a peace officer, ORS 162.385, and speeding. ORS 811.110. We consider only the contentions that the officer lacked probable cause to arrest, that he improperly searched defendant's wallet after the arrest and that the evidence is not sufficient to support his convictions.[1]

After estimating its speed at 70 miles per hour in a posted 55 miles per hour zone, Officer Poggi stopped the car that defendant was driving. When Poggi requested defendant's driver's license or identification, he replied that he had neither. The officer asked him for his name; defendant replied, "Francisco Alvares." At the officer's request, defendant wrote "Francisco Alvares" in the officer's notebook. Poggi then placed defendant under arrest for failure to present a driver's license. After putting defendant in handcuffs, he "patted him down for weapons" and, while doing so, felt an object in defendant's left rear pants pocket. Poggi removed the object, which he described as a "very thin folder," and opened it.[2] Inside the "folder," Poggi found an Oregon identification card with defendant's picture and true name. Poggi testified that he opened the wallet, because he was looking for identification and weapons—such as a razor blade.

In support of his claim that Poggi lacked probable cause to arrest him, defendant contends that, when he said that he did not have a driver's license or identification, Poggi was obligated to undertake a records check to determine whether he was licensed. Defendant argues that a records check revealing that he was not licensed would establish that he had committed only the infraction of operating a vehicle

---

[1] Defendant also contends that his prosecution for failure to present a license violates the Equal Protection Clause of the Fourteenth Amendment and Article I, section 20, of the Oregon Constitution. However, that issue was not raised in the trial court, and we decline to consider it for the first time on appeal. *See State v. King,* 307 Or 332, 338, 768 P2d 391 (1989); *State v. Reed,* 101 Or App 277, 280 n 3, 790 P2d 551, *rev den* 310 Or 195 (1990).

[2] Defendant refers to the object as a wallet.

without driving privileges, ORS 807.010,[3] for which he could only be cited and released, not arrested.

■ Even putting aside the fact that defendant had given a false name, we disagree. Poggi had seen him driving the car. When he failed to produce a driver's license, probable cause existed to arrest him for the Class C misdemeanor of failing to present a driver's license. ORS 807.570(1)(b)(A).[4] *See State v. Samuel*, 104 Or App 642, 802 P2d 700 (1990). There is no reason to hold that an officer must determine by a records check the status of a person's driving privileges in Oregon before making a probable cause arrest for failing to present a driver's license.

■ Defendant next argues that his conviction for failing to present a driver's license is invalid, because a person who has never been licensed in Oregon cannot be prosecuted under ORS 807.570 for failing to present a driver's license. In support of this argument, defendant contends: (1) Were it otherwise, ORS 807.570(1)(a) would be "totally redundant with" ORS 807.010, which would be a meaningless legislative act; (2) a person cannot present a driver's license unless there is one in existence to present; (3) the exculpatory defense under ORS 807.570(3) assumes that there is a valid license; and (4) the two statutes, when read together, are ambiguous and ORS 807.570 must be strictly construed. It may be that a person could be convicted of violating both ORS 807.010 and ORS

---

[3] ORS 807.010 provides, in part:

"(1) A person commits the offense of vehicle operating without driving privileges if the person operates a motor vehicle upon a highway or premises open to the public in this state and the person does not have an appropriate grant of driving privileges from this state in the form of a license, driver permit, indorsement or statutory grant of driving privileges allowing the person to engage in the particular type of operation.

"* * * * *

"(4) The offense described in subsection (1) of this section, vehicle operating without driving privileges, is a Class B traffic infraction."

[4] ORS 807.570 provides, in part:

"(1) A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

"* * * * *

"(b) Does not present and deliver such license or permit to a police officer when requested by the police officer under any of the following circumstances:

"(A) Upon being lawfully stopped or detained when driving a vehicle."

807.570. The language of the statutes indicates that they are intended to further different societal and law enforcement objectives. ORS 807.010 was intended to preclude persons from driving unless they are appropriately licensed. On the other hand, ORS 807.570 was intended primarily to aid law enforcement officers in the identification of stopped drivers, in order to ensure that they do not evade responsibility for their conduct by falsifying their identity to the officer. ORS 807.010 and ORS 807.570 are not redundant. We reject defendant's contentions.

■ When the officer arrested defendant, all of the elements of failure to present a license had occurred. Having been lawfully stopped, he did not, on request, present and deliver a license. ORS 807.570(1)(b)(A). The officer was under no obligation to determine in advance the status of defendant's license. Defendant had the burden at trial of producing a driver's license that was valid at the time of his arrest. He failed to do so and was properly convicted of failing to present a driver's license.

■ Defendant also assigns error to the court's denial of his motion to suppress the contents of his wallet. The state argues that the warrantless search was proper as a search incident to a lawful arrest. In *State v. Boyd,* 101 Or App 649, 792 P2d 462 (1990), we said:

> "A search incident to arrest 'must be reasonable in time, space and intensity in view of all the facts.' *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982). The purpose of the search must be to obtain relevant evidence of the crime prompting arrest, to prevent destruction of evidence, or to protect the arresting officer. *State v. Baker,* 100 Or App 31, 33, 784 P2d 447 (1989)." 101 Or App at 652.

Defendant was arrested for failing to present a driver's license. He argues that the search of his wallet for evidence of identity exceeded the lawful scope of a search incident to an arrest for that crime, because *identity* of the license holder and the *existence* of a license are not relevant evidence of the crime of failing to *present* a license. That is correct, so far as it goes. *State v. Nelson,* 102 Or App 106, 109, 792 P2d 486 (1990); *State v. Scheer,* 99 Or App 80, 83, 781 P2d 859 (1989). However, the state argues that the officer also searched the wallet because he was looking for weapons. He feared that it "could" contain

razor blades. The law allows a "limited search for weapons to protect the officer or to prevent escape." *State v. Owens,* 302 Or 196, 200, 729 P2d 524 (1986). However, Poggi did not articulate any reason to believe that the wallet contained anything other than defendant's identification or other personal effects normally contained in a wallet. Without some reasonable basis to believe that the wallet contained a weapon, he had no justification for the search of the wallet. *See State v. Jones,* 103 Or App 316, 319, 797 P2d 385 (1990); *State v. Schellhorn,* 95 Or App 297, 301, 769 P2d 221 (1989). It was error for the trial court to deny the motion to suppress.

Finally, defendant makes various arguments about the weight of the evidence supporting his speeding conviction. Our review is *de novo.* ORS 46.340(4); ORS 153.575(1); *State v. Mohler,* 102 Or App 75, 77, 792 P2d 1239 (1990). All of his contentions are without merit and do not require discussion.

Convictions for failing to present a license and for speeding affirmed; conviction for giving false information to a police officer reversed and remanded for new trial.