# STATE OF OREGON,
*Respondent,*

*v.*

# WAYNE SAMUEL ROBINSON,
*Appellant.*

## (C90-0112CR; CA A65018)

812 P2d 837

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

RIGGS, J.

Warren, P. J., dissenting.

## RIGGS, J.

Defendant appeals his convictions, after a stipulated facts trial, for delivery of a controlled substance for consideration, ORS 475.992(2)(b), possession of a controlled substance, ORS 475.992(1), failure to present a driver's license, ORS 807.570, and giving false information to a police officer. ORS 807.620. Two other traffic infractions were dismissed at trial. Defendant contends that the trial court erred in denying his pretrial motion to suppress evidence seized during a warrantless search of his car. We affirm.

Approximately three weeks before defendant's arrest, Officer Leloff of the Tualatin Police Department was asked by an officer from the Tigard Police Department to assist in an investigation of a person known only as "Fang," who was involved in narcotics trafficking. Leloff was given a description of "Fang" and was told that he was known to drive a 1984 white Camaro with a T-top. He was also told that "Fang" lived at 19881 S.W. Santee Court in Tualatin.

On August 11, 1989, Leloff observed defendant, driving a 1984 white Camaro with a T-top, make several lane changes and turns without signalling properly. He also made several quick accelerations and appeared to be "in a hurry." Leloff stopped the car, and defendant got out of it to speak with him. When Leloff asked for his driver's license, defendant said that he did not have one. He appeared extremely nervous, "shaking and speaking real fast." He told Leloff that his name was "Gary Dennis Robinson" and gave his date of birth as October 24, 1954. He said that he lived at 1858 S.E. Spruce Street in Hillsboro. He said that the car belonged to another person and showed Leloff documents to confirm that. Leloff asked defendant for proof of identity and was shown a utility bill dated July, 1989, with the names of Gary D. Robinson and Steven Robinson and an address of 19881 S.W. Santee Court, Tualatin. Leloff told defendant that he needed to verify his identity, and they walked back to the patrol car. At that time, Leloff decided to arrest defendant for failing to display a license. Leloff observed a square object in defendant's pocket and asked defendant to remove it. It was a pager. When Leloff checked defendant for weapons, he found $2,990 in cash in his pocket. The pager and the cash were put

back in defendant's pockets. Leloff told defendant that he was under arrest.

Suspecting that defendant had given him false information, Leloff next searched the car for identification. He opened the car door and looked in the back seat, where he saw an open brown paper bag and, inside that bag, an off-white semi-transparent plastic bag. When he shined his flashlight on the bag, he saw green vegetable matter that he believed was marijuana. He opened the plastic bag and found what appeared to be marijuana. He then seized the cash, the pager and an address book from defendant's person.

Defendant was booked as "Gary Robinson." Later, he was identified as Wayne S. Robinson with a birthdate of September 7, 1957. On September 14, 1989, a citation was issued charging defendant with giving false information to a police officer on August 11, 1989.

■ Defendant argues that the warrantless search of his car was not justified as a search incident to arrest for failure to present a driver's license.[1] The state concedes that an arrest on that ground does not authorize a search for identification. *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982); *State v. Banks,* 103 Or App 312, 797 P2d 383 (1990). However, it argues that Leloff had probable cause to arrest defendant for giving false information to a police officer under ORS 807.620 and, therefore, was authorized to search the car incident to an arrest for that offense.[2] Defendant argues that Leloff only had a "hunch" and that, because he did not issue the citation for giving false information until a month after the arrest, he could not have had probable cause at the time of the search. In *State v. Owens,* 302 Or 196, 205, 729 P2d 524 (1986), the court said:

"The timing of the actual charge is not relevant to determining the validity of a search incident to arrest. The relationship of the search to the new crime for which the officer has probable cause to arrest, and the reasonableness of the

---

[1] Defendant does not contend that either the stop or the arrest was unlawful.

[2] ORS 807.620(1) provides:

"A person commits the offense of giving false information to a police officer if the person knowingly uses or gives a false or fictitious name, address or date of birth to any police officer who is enforcing motor vehicle laws."

search in time, space and intensity to the new crime are judged as of the time the officer has probable cause to arrest for the new crime. If there is probable cause for the second arrest, the fact that the arrestee, for any number of reasons, is later, or never, charged with the second crime is irrelevant to a determination of whether the search incident to the arrest was lawful at the time it occurred."

Probable cause has two components: An officer must subjectively believe that, more likely than not, a crime has been committed by the person to be arrested and the belief must be objectively reasonable. *State v. Owens, supra,* 302 Or at 204. The testimony shows that Leloff had a subjective belief that defendant, more likely than not, had given him false information. Leloff testified that "I believed that [defendant] may not be telling me the truth." He testified that the purpose of the search was

"to help me identify this person, since * * * I have an officer telling me he lives in Tualatin at the Santee Court address, and he is telling me that he lives at the Hillsboro address, and under the false information law, you must give correct name, address, and date of birth."

Leloff's subjective belief was objectively reasonable. Defendant was extremely nervous. He presented no driver's license, and the car was not registered to him. When asked to confirm his identity, the only proof that he provided was a recent utility bill with an address that contradicted the address that he had just given and that matched the address of "Fang," a suspected drug dealer known to drive the same type of car as defendant was driving. In *State v. Banks, supra,* 103 Or App at 314, the defendant had no identification, but claimed that the car was registered in his name. The officer saw the car registration attached to the windshield visor and noticed that the car was registered in a different name. We concluded that, when the defendant's claim proved untrue, the officer had probable cause to believe that he had given a false name. In this case, the contradictory addresses, taken with information already known to Leloff about "Fang's" address and narcotics activities, provide probable cause to believe that defendant had given false information.

Defendant also contends that, because Leloff did not check Department of Motor Vehicle records, verify "Fang's"

description or check the different addresses, he did not have probable cause to believe that defendant had given him false information. On the facts, Leloff already had probable cause. Therefore, he was entitled to search for evidence relevant to the offense of giving false information to an officer. The trial court did not err in denying defendant's motion to suppress.

Affirmed.

**WARREN, P. J.,** dissenting.

I do not agree that the officer had probable cause to believe that defendant had given him false information. None of defendant's answers was inconsistent with his other answers, and none was contradicted by any other information that Officer Leloff had. On the contrary, the name that defendant gave was corroborated by the utility receipt. Defendant's statement that he lived in Hillsboro was not contradicted by the Tualatin address on the utility receipt. Leloff stopped defendant on August 11; the receipt was dated July. Likewise, Leloff's information that "Fang" lived at the Tualatin address was three weeks old. Leloff concluded that defendant was lying about his address without even asking him about the different address on the bill. In our mobile society, it is eminently plausible that defendant simply had moved. The officer's belief that defendant had lied did not follow logically from the information he had. Defendant's nervousness, although a consideration, does not bolster the officer's hunch. *See State v. Scarborough,* 103 Or App 231, 796 P2d 394 (1990). Leloff's search of the vehicle was unlawful, and the evidence found should have been suppressed.

I dissent.