**STATE OF OREGON,**
*Respondent,*

*v.*

**CHRIS EDGAR HOSKINSON,**
*Appellant.*

(9106-1185; CA A73746)

859 P2d 576

Dan Maloney, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theordore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert R. Graves, Certified Law Student, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

Durham, J., dissenting.

**RIGGS, J.**

Defendant appeals his conviction by the trial court for possession of a controlled substance. ORS 475.992. He assigns error to the admission of evidence seized from his wallet. We affirm.

Defendant was driving his car when he was stopped by an officer from the Lebanon Police Department who knew that defendant's drivers license was suspended. After the officer confirmed by radio that the license was suspended, defendant was handcuffed. The officer conducted a "pat down" search of defendant as part of his routine safety check. He felt a wallet in defendant's back pocket and removed it. While searching it for weapons or means of escape, he found a small plastic bag containing the residue of a powder, which he seized as evidence. Defendant appeals the denial of his motion to suppress the contents of the bag.

In *State v. Smith*, 103 Or App 113, 796 P2d 665 (1990), *rev dismissed* 312 Or 561 (1992), we held that an officer is

> "entitled to search an arrestee for *any weapon, tool or implement* that could aid in his escape. The only limitation on that right is that the search must be reasonable in time, scope and intensity in view of all the facts." 103 Or App at 117. (Emphasis supplied.)

The Oregon Constitution prohibits unreasonable searches and seizures and protects privacy and possessory interests from unreasonable government intrusions. Or Const, Art I, § 9. In *State v. Noble*, 109 Or App 46, 818 P2d 938 (1991), *rev'd on other grounds* 314 Or 624 (1992), the specially concurring opinion discussed the heightened privacy interests of a wallet because it is used to carry valuables and important personal papers and effects.

> "In light of those heightened interests, it would be a greater impairment of defendant's rights to seize the wallet and deprive him of its possession for an indefinite period of time, rather that to inspect it briefly for weapons or means of escape and then return it to him promptly, if none were found." 109 Or App at 52.

This case is substantially identical to *Noble*. The defendant in *Noble* was stopped for riding his bicycle without

a light after sundown. A records check revealed an outstanding arrest warrant. While being patted down, the officer found a wallet, which he checked for weapons or means of escape. Inside the wallet, he found a clear plastic bag that contained the LSD-laced blotter paper that led to defendant's conviction. We held that when an officer has lawfully seized a wallet from defendant's person and has "articulated a concern about the possibility that defendant may have been carrying a weapon or an instrument of escape," it is reasonable to search [the wallet] for weapons or means of escape. 109 Or App at 51.

Here, the officer had probable cause to arrest defendant because of defendant's suspended license. He searched defendant immediately incident to arrest. During his testimony, the officer articulated a concern that the wallet might have contained "weapons and — or any means of possible escape as far as handcuff keys" or "razor blades." The officer's search of defendant's wallet was the least intrusive reasonable action that was necessary for the officer's protection. On this record, the court correctly denied the motion to suppress evidence seized from defendant's wallet.

Affirmed.

**DURHAM, J.,** dissenting.

The majority sustains a search of defendant's wallet as a search incident to arrest on the sole basis that the officer articulated a "concern about a possibility" that it *might* contain a weapon or an instrument of escape. Because the majority fails to correctly analyze the requirement that the search incident to arrest must be reasonable and does not adhere to controlling cases, I dissent.

In *State v. Caraher*, 293 Or 741, 756, 653 P2d 942 (1982), the court said:

> "One of the protections derived from the Oregon Constitution includes a recognition that a valid custodial arrest does not alone give rise to a unique right to search."

In *State v. Owens*, 302 Or 196, 200, 729 P2d 524 (1986), the court described the kind of search of an arrestee's person that an officer may carry out incident to the arrest:

> "Of course, a pat down or limited search for weapons to protect the officer or to prevent escape would be justified whenever a person is taken into custody."

A search incident to arrest must be close in time and space to the arrest, and its intensity must be "commensurate both with the crime and what was known of the criminal[.]" *State v. Chinn*, 231 Or 259, 273, 373 P2d 392 (1962).

We do not terminate our analysis of the lawfulness of a search incident to arrest for weapons or escape instrumentalities by reciting an officer's articulated concerns about the possibilities that an arrestee might be armed, or that a pocket, purse or wallet might contain a means of escape. We must also analyze whether the search of those spaces and containers is "reasonable under all the circumstances." *State v. Smith*, 103 Or App 113, 117 n 2, 796 P2d 665 (1990), *rev dismissed* 312 Or 561 (1992). In determining whether a search of, say, a wallet is reasonable, we must focus on the reasons that motivated the officer to search the wallet and decide whether those reasons furnish a basis for the particular search that we regard as reasonable. *See State v. Owens, supra*, 302 Or at 200. The officer may not rely solely on theoretical or hypothetical possibilities of the presence of weapons or escape devices that are unaccompanied by a description of the facts that lead the officer to believe that those items were present in the spaces searched and induced the search. A search of a wallet or purse incident to arrest cannot be justified by conjecture, unconnected to the facts of each particular case, about what dangerous items might possibly be hidden in those containers.

For example, in *State v. Roque-Escamilla*, 106 Or App 270, 806 P2d 1173, *rev den* 311 Or 427 (1991), the defendant was arrested for failing to present a license. The officer searched the defendant's wallet because he feared that it might contain razor blades. Even though the officer articulated a concern about the possibility that the wallet might contain a weapon, we held:

> "However [Officer] Poggi did not articulate any reason to believe that the wallet contained anything other than defendant's identification or other personal effects normally contained in a wallet. Without some reasonable basis to believe that the wallet contained a weapon, he had no justification for the search of the wallet. *See State v. Jones*, 103 Or App 316, 319, 797 P2d 385 (1990); *State v. Schellhorn*, 95 Or App 297, 301, 769 P2d 221 (1989). It was error for the trial court to deny the motion to suppress." 106 Or App at 275.

In *State v. Schellhorn, supra*, an officer stopped the defendant, who was riding a bicycle without a light, and seized and searched a purse that he was carrying. The officer found illicit drugs. We held that the seizure of the purse was valid, but that the search *into* the purse for a possible weapon was unlawful:

"However, once the officer had seized the purse, he no longer had any reason to believe that it still posed an immediate threat to him. The fact that the purse was unusually heavy may have given the officer reason to believe that it contained a weapon. However, the officer had the purse in his possession and, if he believed that it contained a weapon, he could have taken steps to protect himself without opening it. Before the officer could open the purse and inspect its contents, he was required to have probable cause to believe that it contained evidence of a crime and there had to be exigent circumstances to justify not obtaining a search warrant. Neither of those conditions existed. Thus, the officer's inspection of the contents of the purse after seizing it was unlawful." 95 Or App at 301.

In *State v. Jones, supra*, the officer searched the defendant incident to his arrest and seized a metal Sucrets box from his pocket. The officer thought that it contained razor blades, so he opened it and found drugs. We held that the search into the container was unlawful because, even if the officer thought it contained a weapon or escape device, they could not threaten him once he seized the box:

"Even if the officer was justified in removing the box for his own protection or to prevent defendant from escaping, *see State v. Smith*, 103 Or App 113, 796 P2d 665 (1990), once it was in his possession, he no longer had reason to believe that it posed a threat to him in either respect. If he thought that it contained a razor blade that could be used as a weapon or a means of escape, he could simply have withheld it from defendant. Because there is nothing to suggest that the box contained evidence of the crime for which defendant was arrested, the opening of the box and inspection of its contents was unlawful." 103 Or App at 319.

The majority does not cite, let alone distinguish, those authorities. It quotes *State v. Smith, supra*, but fails to follow the requirement of that case and the others cited above, that we must assess the reasonableness of the timing, scope and intensity of a search incident to arrest in light of all

the facts. Here, the officer articulated concerns about the possible presence of a weapon or escape device, but never gave a reason why a search into the wallet he had seized was reasonable under the circumstances. He had control of the wallet. He provided no information suggesting that defendant was uncooperative in any way. The crime for which defendant was arrested, driving while suspended, provided no basis for believing that he might be violent or attempt an escape. The officer never said that he believed that defendant was armed or dangerous, or that the wallet contained a weapon or escape device. *See State v. Yoakum,* 104 Or App 291, 294, 799 P2d 1150 (1990).

The majority relies on the majority and concurring opinions in *State v. Noble,* 109 Or App 46, 818 P2d 938 (1991), *rev'd* 314 Or 624 (1992). *Noble* was reversed, albeit on other grounds. Considering that fact, *Noble* cannot justify either the majority's result or its refusal to discuss or distinguish our controlling authorities cited above.

I dissent.