Submitted November 23, 2020; conviction on Count 3 reversed and remanded, remanded for resentencing, otherwise affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL WYATT DENNIS,
*Defendant-Appellant.*

Linn County Circuit Court
18CR81225; A170278

483 P3d 50

David E. Delsman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for multiple crimes. We write mainly to address his challenge to his conviction for unlawful possession of methamphetamine, ORS 475.894 (Count 3).[1] After a 57-mile vehicle pursuit of defendant by law enforcement officers, a sheriff's deputy searched defendant's car and discovered in the car's central console a methamphetamine pipe with methamphetamine residue. Before defendant's trial, defendant moved to suppress the pipe evidence, which was relevant only to Count 3, on the basis that it was discovered unlawfully without a warrant. Or Const, Art I, § 9. The trial court denied the motion to suppress on two grounds: (1) because the deputy had probable cause to believe that defendant had committed attempt to elude and that evidence of defendant's identity could be inside the car, the search was authorized under the automobile exception, *see State v. McCarthy*, 302 Or App 82, 83, 459 P3d 890, *rev allowed*, 366 Or 691 (2020) (under *State v. Brown*, 301 Or 268, 721 P2d 1357 (1986), and other cases, so long as the automobile is mobile and officers have probable cause to search the vehicle, the state does not need to show any particular exigency under the facts of the encounter, nor establish that a telephonic warrant was not available); and (2) because the deputy acted in accordance with the county's inventory policy, the search was permitted by the inventory exception to the warrant requirement, *see State v. Krumenaker*, 306 Or App 9, 15-16, 472 P3d 760 (2020) (an inventory of the contents of an impounded vehicle is permitted if three requirements are met).

On appeal, defendant contends that neither ground justifies the search of his car. The state concedes that defendant is correct, acknowledging that (1) with respect to probable cause to search the vehicle, defendant's identification was neither evidence of failure to present a driver's license,

---

[1] We reject defendant's second of assignment of error without written discussion. As to defendant's third assignment of error—that the trial court erred in instructing the jury that it need not arrive at unanimous guilty verdicts—that argument is foreclosed by *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020) (holding that, where defendant did not preserve a nonunanimous-jury argument and the jury was not polled, it was not appropriate to exercise discretion to review jury-instruction assignment as plain error).

*see State v. Banks*, 103 Or App 312, 314-15, 797 P2d 383 (1990) (explaining that "[e]vidence of identity is not an element of the offense of failure to present a driver's license"), nor evidence of attempting to elude a police officer; and (2) the state did not rely on the inventory exception at the suppression hearing, offer a copy of the inventory policy into evidence, or offer other evidence sufficient to establish two of the three requirements of the inventory exception. Because we agree and accept the state's concession, we reverse and remand Count 3.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.