Argued and submitted January 28, reassigned March 4, decisions of the Court of Appeals and the trial court reversed and case remanded for trial November 20, 1986

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## RONALD A. FORSETH, JR.
*Respondent on Review.*

(TC 13993; CA A33445; SC S32229)

729 P2d 545

Lent and Linde, JJ., filed a dissenting statement.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition and memorandum addressing questions of the court were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent on review. With him on the memorandum addressing questions of the court was Gary D. Babcock, Public Defender for Oregon, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

CARSON, J.

Lent and Linde, JJ., dissented and filed an opinion.

## CARSON, J.

On December 8, 1983, county sheriff personnel and local and state police officers executed a search warrant on defendant's residence in Prineville. While executing the warrant, which was for "the controlled substance marijuana and evidence of its use and possession," the officers discovered two small vials. One vial was made of amber, transparent glass; the other was clear glass. Both were visually examined without being opened. The officers observed that each contained a white powdery substance. Defendant was not present at his residence during the search.

Numerous items of drug paraphernalia were found in defendant's residence near the vials. Some of the paraphernalia (*e.g.,* roach clips) are items commonly associated with the use of marijuana. Other paraphernalia discovered there (a coke grinder and straw)[1] are commonly associated with the use of cocaine. The officer also found a photograph depicting defendant holding a small piece of glass with five rows of white powder on it. In the picture, defendant had a straw up to his nose, the other end of which touched the white powder.

The officers seized both vials, as well as pipes, bongs and trays containing marijuana residue, and a small quantity of marijuana stems and seeds. They submitted the contents of the two vials to the State Crime Laboratory where chemical analysis indicated that one vial contained cocaine and the other contained methamphetamine.

Defendant was indicted for Unlawful Possession of the Controlled Substances Cocaine and Methamphetamine. He moved to suppress all evidence on the grounds, *inter alia,* that items were seized which were outside the scope of the search warrant, were not identifiable as contraband, and were unlawfully retained and chemically analyzed without obtaining a search warrant.

The trial court found, *inter alia,* that the scope of the search was no greater than that authorized by the search warrant, and that the officers, based upon their training and experience and the other evidence available to them, had probable cause to believe that the vials contained controlled

---

[1] These items are commonly used to chop up and inhale cocaine.

substances. The trial court concluded, however, that the contents of the vials should not have been subjected to chemical analysis without a search warrant, citing *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983), and allowed defendant's motion to suppress.

The state appealed. The Court of Appeals affirmed *per curiam,* citing that court's opinion in *State v. Westlund,* 75 Or App 43, 705 P2d 208, *aff'd in part; rev'd in part,* 302 Or 225, 729 P2d 541 (1986).

## DISCUSSION

■ We first address the propriety of the warrantless seizure of the two vials. The trial court found that the search which led to the discovery of the vials was justified by the search warrant for "marijuana and evidence of its use and possession." The trial court held that the seizure of the vials was outside the scope of the search warrant and therefore not pursuant thereto. We hold that the vials were lawfully seized as suspected contraband pursuant to ORS 133.585.[2]

■ For the reasons stated in *State v. Owens,* 302 Or 196, 729 P2d 524 (1986), we hold that a search warrant is not required under Article I, section 9, of the Oregon Constitution to analyze chemically the contents of lawfully seized transparent containers, when there is probable cause to believe that they contain controlled substances.

The decisions of the Court of Appeals and the trial court are reversed. The case is remanded for trial.

**LENT and LINDE, JJ.,** dissenting.

We dissent for the reasons expressed in our dissenting opinion in *State v. Owens,* 302 Or 196, 729 P2d 524 (1986).

---

[2] ORS 133.585 provides:

"The scope of search shall be only such as is authorized by the warrant and is reasonably necessary to discover the persons or things specified therein. Upon discovery of the persons or things so specified, the officer shall take possession or custody of them and search no further under authority of the warrant. If in the course of the search the officer discovers things, not specified in the warrant, which the officer has probable cause to believe to be subject to seizure under ORS 133.535 which the officer did not have probable cause to expect to find, the officer shall also take possession of the things discovered."