Argued and submitted September 29, reversed and remanded for a new trial
December 28, 1989

# STATE OF OREGON,
## *Respondent,*

*v.*

# DERRICK C. BAKER,
## *Appellant.*

## (8801-30176; CA A49576)

784 P2d 446

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals his conviction for unlawful possession of a controlled substance (LSD), ORS 475.992(4), assigning as error the trial court's denial of his motion to suppress evidence taken in a search of his person. We reverse.

On February 20, 1987, a Portland police officer, under the authority of a city ordinance, issued a written order to defendant that excluded him from a park in downtown Portland for the next 30 days. The reason for the exclusion was that defendant was playing a portable radio at a greater volume than the city code permitted. The same officer saw defendant in the park on February 27 and issued a citation charging him with criminal trespass in the second degree. ORS 164.245. Defendant later pled guilty to attempted criminal trespass in the second degree.

On March 14, Officer Butler again saw defendant in the park. The Portland police department maintains a list of persons excluded from city parks, so Butler knew of the order excluding defendant. He also knew defendant by name and that he had previously been arrested for selling drugs in the park. Butler arrested him for violating the exclusion order.[1] He then turned defendant over to Officer Hegrenes, who searched him and found a blotter of LSD in one pants pocket and marijuana in another. There is no evidence in the record of the size or other physical characteristics of the blotter. Defendant was cooperative throughout the encounter.

The state has the burden of sustaining this warrantless search. ORS 133.693(4). It contends that the search was valid incident to defendant's arrest. A search incident to arrest is proper if its purpose is to protect the arresting officer, to prevent the destruction of evidence, or to obtain evidence of the crime for which the defendant was arrested. Such a search must be reasonable in time, space, and intensity in view of all the facts. *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982). This search did not meet those criteria.

The trial court held that the search was proper for the protection of the officer. That conclusion was erroneous.

---

[1] Because of defendant's previous arrest for violating the same order, Butler intended to take him to jail rather than simply issuing another citation.

There was nothing to suggest that defendant might be carrying a dangerous weapon that Hegrenes could not detect by a patdown. Neither the blotter of LSD nor the marijuana could feel like a weapon from the outside. Defendant was cooperative throughout the arrest and search and had no history of violence. It was not reasonable to search defendant's pockets for the officer's protection.

■■■ The state asserts that defendant had a history of selling drugs and that it was therefore reasonable to believe that he would be carrying controlled substances. Hegrenes, it argues, had the authority to search him for contraband. A search incident to arrest must be for evidence related to the crime that justified the arrest. *State v. Caraher, supra; State v. Fesler,* 68 Or App 609, 685 P2d 1014, *rev den* 297 Or 547 (1984). An arrest for criminal trespass does not *ipso facto* support a search for contraband and, on this record, Hegrenes did not have probable cause to believe that defendant had contraband in his possession.

■ The strongest justification for the search is that it was for evidence that defendant knew of the exclusion order. If Hegrenes had found the order in defendant's pocket, it would have shown that he knowingly entered or remained in the park and that he acted with a culpable mental state. Those are elements of criminal trespass. ORS 164.245(1); ORS 164.205(3); ORS 161.115(2).

Assuming that Hegrenes properly reached into defendant's pant pocket for the exclusion order, he was not authorized, on this record, to remove the blotter of LSD. The record does not show that, when he reached in, Hegrenes found any piece of paper large enough or of the right texture to be evidence of the offense of criminal trespass. When he reached into the pocket, it was no longer reasonable to believe that either a weapon or evidence of criminal trespass was there. Therefore, Hegrenes had no authority to remove anything.

Moreover, the probable cause to search defendant for evidence of criminal trespass did not escalate into probable cause to search him for drugs. *See State v. Flores,* 68 Or App 617, 629-30, 685 P2d 999, *rev den* 298 Or 151 (1984). According to Hegrenes' testimony, he did not recognize that what he felt in the pants pocket was a blotter of LSD until *after* he took it out. That was too late.

Reversed and remanded for a new trial.