Argued and submitted March 27, reversed and remanded for new trial May 23, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES SCOTT BOYD,
*Appellant.*

(C88-02-32425; CA A50976)

792 P2d 462

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

**RIGGS, J.**

Defendant appeals his conviction for unlawful possession of a controlled substance (cocaine). ORS 475.992. He assigns as error the trial court's denial of his motion to suppress evidence that was seized from his shirt pocket and statements that he made about the contraband. We reverse.

On February 26, 1988, Officer Lish stopped defendant for failing to signal before making a turn. In response to her request for his license, registration and proof of insurance, defendant replied, "I'm suspended." She arrested him for driving while suspended and patted him down before putting him in the back of her patrol car while she ran a records check. Defendant was cooperative, and Lish testified that she did not feel threatened. During the frisk, Lish observed, but did not remove, a folding bladed knife that was in a leather sheath on defendant's belt. When Lish patted down the front of defendant's shirt, she felt a hard object in his left shirt pocket. She testified that it

> "[f]elt like some kind of a container, a round container probably made out of metal is what I thought at first, and I thought maybe it was a, you know, a chew snuff box.
>
> "* * * * *
>
> "It felt like that. That was something I was familar with. It was the same sort of shape."

Lish reached into defendant's shirt pocket because she "decided I better verify that's what it was because it's also very common for people to use that for, for drugs, but that's not what I was looking for at the time." She pulled up a metal container from defendant's pocket and asked him what it was.[1] She dropped the container back into his pocket and, as she removed her hand, a folded paper packet was "in her fingers." Lish advised defendant of his *Miranda* rights, and then asked him what was in the packet. Defendant replied that it was cocaine.

At the pretrial hearing, defendant moved to suppress the packet of cocaine and the statements that he made about the contraband, arguing that the scope of Lish's search into his shirt pocket exceeded permissible grounds. The trial court

---

[1] It is not clear from the record exactly what the object was.

denied the motion, and after a trial on stipulated facts, convicted him of unlawful possession of a controlled substance.

Defendant argues that the trial court erred in denying the motion to suppress. The state contends that evidence of the cocaine was discovered from a proper search incident to a lawful arrest.

■■ A search incident to arrest "must be reasonable in time, space and intensity in view of all the facts." *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982). The purpose of the search must be to obtain relevant evidence of the crime prompting arrest, to prevent destruction of evidence, or to protect the arresting officer. *State v. Baker,* 100 Or App 31, 33, 784 P2d 446 (1989).

■■ The trial court based its ruling on officer safety. It found that the search of defendant's shirt pocket was a "minimal intrusion" and

> "that the officer, in the process of a pat-down search, discovered the contraband in question, and on that point, the court feels that the arrest, being lawful, the officer was entitled to and was acting reasonably in conducting the pat-down primarily for the purpose of self protection."

We disagree. This was not a search to insure officer safety. Lish testified that defendant was cooperative, and that she did not feel threatened. She did not remove a folding knife from his belt. Moreover, she stated that when she first felt the object in defendant's shirt pocket, she thought that it was a tobacco or snuff box, not a weapon, and that she reached into his pocket to "verify" that the object was just that.

In *State v. Baker, supra,* the defendant was arrested for criminal trespass after he violated an order that excluded him from a certain park. The arresting officer turned him over to another officer who searched him and discovered marijuana in one pants pocket and a blotter of LSD in the other. We stated that "[a] search incident to arrest must be for evidence related to the crime that justified the arrest." *State v. Baker, supra,* 100 Or App at 34, *citing State v. Caraher, supra.* We concluded that

> "[t]here was nothing to suggest that defendant might be carrying a dangerous weapon that [the officer] could not detect by a patdown. Neither the blotter of LSD nor the marijuana could

feel like a weapon from the outside. Defendant was cooperative throughout the arrest and search and had no history of violence. It was not reasonable to search defendant's pockets for the officer's protection." 100 Or App at 34.

The same holds true here. Once Officer Lish patted down defendant's shirt pocket and felt what she believed was a round metal snuff box, she had no legitimate reason to search further or to remove anything from his pocket. The packet of cocaine and defendant's statements after Lish discovered it must be suppressed.

Reversed and remanded for a new trial.