Argued and submitted May 18, affirmed November 7, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## JAMES RAY YOAKUM,
*Respondent.*

(C88-10-37113; CA A61087)

799 P2d 1150

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Phillip Margolin, Portland, argued the cause for respondent. With him on the brief was Margolin & Margolin, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The state appeals the trial court's pretrial order to suppress evidence, arguing that the search of the driver of the car in which defendant was a passenger was proper as incident to his arrest and, therefore, that the evidence obtained in that search may be used against him. We affirm.

Defendant was a passenger in a vehicle that was stopped by Portland police officers Rhodes and Justus for having a faulty headlight. The driver, Fortune, told Rhodes that he did not have his license with him. Rhodes then arrested him for failure to carry or present a driver's license, asked him to step out of the car and handcuffed him. Rhodes did not do a pat down of Fortune, but immediately stuck his hand into Fortune's left front jacket pocket. He felt two round objects, each approximately one-half inch in diameter, wrapped in plastic. Rhodes thought that the objects felt like crack cocaine. He pulled them out and confirmed his suspicion. The passengers, including defendant, were then asked to get out of the car. Justus asked defendant his name, and defendant told him that it was "Peter Brown." He then asked defendant if he could search him, and defendant consented. Justus found two pagers, a cellular phone and $4,400 in cash on defendant's person. Rhodes and Justus then searched the automobile and discovered illegal firearms, as well as an ounce of cocaine, wedged into the seat that defendant had occupied. Defendant was charged with delivery and possession of a controlled substance, ORS 475.992(1) and (2), and with unlawful possession of a weapon. ORS 166.250(3).

The trial court granted defendant's motion to suppress all evidence seized from the car on the ground that the search of the driver, Fortune, had exceeded the permissible scope of a search incident to arrest, because the officer reached into Fortune's pocket without first patting him down.[1] The state contends that the trial court erred, because Rhodes' action was justified as a search incident to arrest. We conclude that the trial court was correct.

The reasons justifying a search incident to arrest

---

[1] The state conceded at trial that defendant had standing to challenge the search of Fortune.

include protecting the arresting officer, depriving the arrested person of means of escape and avoiding the destruction of evidence. *State v. Smith,* 103 Or App 113, 116, 796 P2d 665 (1990). Police may also search for evidence related to the crime for which a defendant is arrested "that could reasonably be concealed on the arrestee's person or in the belongings in his or her immediate possession at the time of the arrest." *State v. Owens,* 302 Or 196, 729 P2d 524 (1986).

The state argues that the search of Fortune was justified here to protect the officers' safety and to prevent escape. A pat down or a limited search for weapons generally is permissible when a person is taken into custody.[2] *State v. Owens, supra,* 302 Or at 200. Although a pat down is always permissible, the ability to search an arrestee further is not without limitation. The search must be reasonable in time, scope and intensity in view of all the facts. *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982). In discussing this limitation in *State v. Smith, supra,* we stated:

"[O]ur holding does not grant an unqualified right to search an arrestee's person incidental to an arrest. Rather, it permits an officer to search for items with which an arrestee could escape only (a) when the officer articulates a concern about the possibility of escape and (b) the search is reasonable under all the circumstances." 103 Or App at 117 n 2.

In *State v. Smith,* we upheld a search incident to arrest in which the officer conducted a pat down and detected nothing, but continued the search by reaching into defendant's pocket. However, in that case, the officer knew the arrestee and had recently arrested him for burglary. He articulated specific concerns about his safety and the risk of escape. In addition, he articulated the types of devices that could be used to escape that he was attempting to find.

In this case, Rhodes testified that he searched Fortune for weapons or means of escape. However, he testified that he did not know Fortune and had no reason to believe that he was armed or dangerous and did not identify anything

---

[2] Defendant argues, relying on ORS 807.570(4), that a person may not be searched incident to arrest for the offense of failure to carry or present a license. However, as we held in *State v. Auer,* 90 Or App 459, 463, 752 P2d 1250 (1988), a custodial arrest for that offense is authorized. Although the investigation is limited by ORS 807.570(4), an officer may take reasonable steps to ensure his safety while the defendant is in custody.

else about the circumstances that caused him concern for his safety. Rhodes did not articulate that he had a specific concern that Fortune would escape or identify the types of escape devices that he was looking for. At the time that he conducted the search, the only crime that he was aware that Fortune had committed was failure to display a driver's license. Rhodes did not have any knowledge of past problems with Fortune or any of his passengers, nor did the crime for which he was arrested or anything else about the situation provide a basis to conclude that the search of Fortune's pocket under these circumstances was reasonable. *See State v. Baker,* 100 Or App 31, 784 P2d 446 (1989). The trial court's granting of defendant's motion to suppress was correct.

Affirmed.