Argued and submitted January 14, affirmed June 5, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JENNIFER LYNN EDDY,
*Appellant.*

## (C 89-08-34099; CA A63783)
812 P2d 42

Clint A. Lonergan and Richard L. Lonergan, Portland, filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992(4). She assigns error to the denial of her motion to suppress cocaine in a paper envelope that the police found inside a brown leather pouch that was inside her purse. We affirm.

The court made certain findings. Portland Police Officer Wong stopped defendant at 11 p.m. for speeding and failing to stop at a stop sign. Defendant was driving, and a male passenger sat next to her. Wong shined his flashlight into the passenger area and saw that defendant had bloodshot eyes and dilated pupils that reacted poorly to light. He asked defendant for her driver's license. She replied that it had been suspended. Her speech was slurred. Her coordination was impaired as she reached into her purse for an identification card. Wong did not smell alcohol. At that time, he suspected that defendant might be under the influence of drugs.

When defendant opened her purse, Wong saw in it in plain view a small brown leather pouch that he recognized from experience as a "fix kit" used to store drugs and drug paraphernalia. He also saw a similar but larger black leather pouch on the floor of the car at the feet of the male passenger, who was trying to shove it under his seat with his feet. Wong asked defendant if she had ingested any drugs. She said that she had earlier in the day. He then asked if there were any drugs on her person, in her purse or in the vehicle. She started to make an affirmative indication, but the passenger elbowed her, and she stiffened and did not respond further.

Although the court did not make other findings, there was evidence that would have permitted it to find that Wong asked the passenger for the black leather pouch and if it was his. He said that it was not. Wong opened it and found a film container and two small bottles. He asked defendant for the brown leather pouch from her purse and took both pouches to his car. Wong searched the brown pouch and found in an outside pocket a folded dollar bill and two paper-folds that looked to him like those used to package cocaine for sale. Inside the brown pouch he found a white envelope. He testified that the envelope

"appeared to have some sort of substance on the inside. I

could feel it. I opened the envelope. In there was a white powdery substance that I believed to be cocaine at the time."

Defendant does not challenge the seizure or search of the purse or of the brown or black leather pouches. She argues only that Wong did not have probable cause to open the envelope and that, under Article I, section 9, of the Oregon Constitution, the court should have suppressed the cocaine that he found in it.

Before Wong opened the envelope, he had probable cause to arrest defendant for driving under the influence of intoxicants.[1] When he stopped her, she appeared to be under the influence. She fumbled with simple objects. She admitted to him that she had used drugs earlier in the day. She began to nod affirmatively to the question whether she possessed drugs at the time, although the passenger dissuaded her from responding fully.

Accordingly, Wong could search incident to an arrest for evidence related to driving under the influence of intoxicants. A formal arrest need not have preceded the search. *State v. Owens,* 302 Or 196, 205, 729 P2d 524 (1986). The issue is whether Wong could open the envelope. In *Owens,* the court said:

"[T]he Oregon Constitution authorizes the meticulous investigation of closed containers, such as wallets, purses, cigarette cases and other personal 'effects,' found on or immediately associated with the arrestee, but only when it is reasonable to believe that evidence of a crime for which the person was arrested could be concealed there. The authority to search the person incident to a lawful custodial arrest rests upon what is known about the crime and the arrestee. The test is the reasonableness of the search in light of the circumstances of the particular case." 302 Or at 202.[2]

---

[1] ORS 813.010(1) provides:

"A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(b) Is under the influence of intoxicating liquor or a controlled substance * * *."

[2] Gillette, J., concurring in *State v. Owens,* 302 Or 196, 213 n 3, 729 P2d 524 (1986), wrote:

"[T]he majority's repeated emphasis on the nature of the container in this case is

It was reasonable for Wong to believe that the envelope would contain evidence of driving under the influence of intoxicants. Defendant had told Wong that she had used drugs earlier in the day. She had begun to indicate that she possessed drugs at that time. She possessed a fix kit that contained both drug paraphernalia and the envelope. The envelope appeared to Wong to have a substance inside it, and he felt a substance in the envelope when he touched it.

The search was reasonable in time and space. *State v. Caraher,* 293 Or 741, 760, 653 P2d 942 (1982). It occurred at the place and time of defendant's arrest. *See State v. Pruett,* 95 Or App 494, 498, 770 P2d 70 (1989). We conclude that the court did not err.

Affirmed.

---

relevant to probable cause but not to the permissible scope of any search incident to the arrest resulting from probable cause. If a container may hold evidence of a crime for which a person is validly arrested, the kind of container—be it transparent, translucent, opaque, hard, soft, porous or hermetically sealed—is not relevant. It may be opened. *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982)."