# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM E. GOTHAM,
*Appellant.*

(89-09-34920; CA A65597)

820 P2d 884

Joseph F. Ceniceros, Judge pro tempore.

Zack M. Lorts, Oregon City, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Buttler, P. J., dissenting.

## DE MUNIZ, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(1). He assigns as error the trial court's denial of his motion to suppress evidence and its response to a question from the jury. We affirm.

We take the facts from the trial court's findings, which are supported by the evidence. Officer Berg saw defendant behind the wheel of a pickup that was blocking a sidewalk. He was revving the engine, which resulted in a large amount of noise and smoke. When Berg approached him, defendant left the pickup and walked down the sidewalk. When Berg ordered him to stop, defendant sat down on the sidewalk. Berg asked him what he was doing, and defendant responded, "It doesn't matter anyway. I'm going to die." Berg observed that defendant's eyes were watery and bloodshot and that there was a strong odor of alcohol about him. When Berg asked for his license, he responded that it was suspended. Berg asked what he was doing to the pickup. He answered that he had been driving 80 miles per hour and "dropped the transmission." He also volunteered, "I'm a drug user. I'm going into treatment next week."

Berg placed defendant under arrest and patted him down for weapons. In the front pocket of defendant's jeans, Berg found a small, round container. He removed it from defendant's pocket and saw that it was opaque, made of brown plastic and measured about half an inch deep and an inch in diameter. Berg testified that he could not see into the container, but he suspected that it contained drugs. He opened it[1] and found a substance that he suspected was tar heroin. It was later tested and found to be heroin.

Defendant moved to suppress the heroin. The trial court denied the motion, concluding that Berg had found it during a lawful search incident to his arrest of defendant for driving under the influence of intoxicants (DUII). Defendant was convicted in a jury trial.

---

[1] Before Berg opened the container, he asked defendant if he could open it. Although defendant responded affirmatively, the trial court found that he did not consent to the search.

■ Defendant argues that the seizure and opening of the container was not based on a lawful search incident to arrest and, even if it was, Berg lacked probable cause to open it. We disagree. Defendant does not dispute that Berg had probable cause to arrest him for DUII. Accordingly, he was authorized to search defendant incident to that arrest, so long as the search was reasonable in time and space, and was either for evidence of the crime prompting the arrest, to prevent the destruction of evidence or to protect the arresting officer. *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982); *State v. Boyd*, 101 Or App 649, 652, 792 P2d 462 (1990).

■ The odor of alcohol from defendant, his bloodshot and watery eyes, and the spinning tires gave Berg probable cause to believe that defendant was driving under the influence of intoxicants. Berg testified that he did not know whether the intoxication was the result of alcohol, drugs or both. He testified that he initiated the pat down for weapons but that, when he felt the container, he suspected it contained drugs. In the light of Berg's training and experience, defendant's statement that he was a drug user and his bizarre behavior, that suspicion was reasonable.

In *State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986), the police, during a search incident to arrest, opened and examined the contents of two closed containers, one transparent, the other opaque. With respect to transparent containers, the court held:

"Transparent containers (such as clear plastic baggies or pill bottles) announce their contents. [Consequently,] no cognizable privacy interest inheres in their contents." 302 Or at 206.

In contrast, the court recognized a privacy interest in opaque containers that do not "announce their contents." Accordingly, the court held:

"[T]he Oregon Constitution authorizes the meticulous investigation of closed containers * * * found on or immediately associated with the arrestee, but only when it is reasonable to believe that evidence of a crime for which the person was arrested could be concealed there." 302 Or at 202.

Berg had probable cause to arrest defendant for driving under the influence of intoxicants.[2] He reasonably believed that the opaque container held a controlled substance that would be evidence of the offense for which Berg had arrested defendant. Opening the container was lawful, as part of a search incident to arrest. *State v. Owens, supra,* 302 Or at 205; *see also State v. Eddy,* 107 Or App 489, 492, 812 P2d 42 (1991). The motion to suppress was properly denied.

■ Defendant argues that the trial court's response to a question from the jury was an improper comment on the evidence in violation of Article I, section 16, of the Oregon Constitution[3] and ORCP 59E.[4] Defendant also argues that the trial court abused its discretion under ORCP 59D.[5] During its deliberations, the jury sent these questions to the court:

"One, what is the definition of possession of a controlled substance? Two, does the term 'illegal search and seizure' affect this charge? Does the jury have a right to consider this in their deliberation?"

The trial court re-instructed the jury on the definition of possession of a controlled substance. It did not directly

---

[2] ORS 813.010(1) provides:

"A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

[3] Article I, section 16, provides, in part:

"In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

[4] ORCP 59E, which applies to criminal trials pursuant to ORS 136.330, provides:

"The judge shall not instruct with respect to matters of fact, nor comment thereon."

[5] ORCP 59D, which applies to criminal trials pursuant to ORS 136.330, provides:

"After retirement for deliberation, if the jury requests information on any point of law, the judge may require the officer having them in charge to conduct them into court. Upon the jury being brought into court, the information requested, if given, shall be given either orally or in writing in the presence of, or after notice to, the parties or their counsel."

answer the "illegal search and seizure" question. It answered the last question, "No." Defendant argues only that the court erred when it answered the last question. We disagree.

Defendant challenged the legality of the search and seizure in his motion to suppress. That was a question for the trial court to decide, not the jury. ORS 136.310; ORS 136.320; *see State v. Hawk,* 38 Or App 117, 119, 589 P2d 1136, *rev den* 286 Or 303, *appeal dismissed* 444 US 921 (1979). The trial court's negative response to the question did not comment on any evidence or restrict the jury from considering any evidence that was relevant to any issue properly before it. There was no error.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because I do not agree with the majority that Officer Berg was authorized, without a warrant, to open and thereby search the opaque container that he seized from defendant, I dissent.

To put the question in proper perspective, it is necessary to return to *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983). The defendant had been stopped lawfully and was arrested for driving under the influence of intoxicants. After he was handcuffed, an officer took from his clothing a small, closed, transparent pill bottle that contained a white powder. The bottle was seized by the officer and, later, without a warrant, it was opened and its contents tested. The court, in *dictum,* stated that, even if the officer had probable cause to believe that the bottle contained a controlled substance, he was only authorized to retain the bottle long enough for a magistrate to decide whether there was probable cause to test the unknown contents.

Three years later, the court decided *State v. Owens,* 302 Or 196, 729 P2d 524 (1986), *State v. Forseth,* 302 Or 233, 729 P2d 545 (1986), and *State v. Westlund,* 302 Or 225, 729 P2d 541 (1986), of which *State v. Owens, supra,* was the lead opinion. In *Owens,* the court stated that the question of whether opening a *transparent* container or the testing of its contents is a "search" or "seizure" under the Oregon Constitution when there is probable cause to believe that it contains

a controlled substance was squarely before the court for the first time. It went on to say:

"Article I, section 9, protects privacy and possessory interests. A 'search' occurs when a person's privacy interests are invaded. When the police lawfully seize a container, they can thoroughly examine the container's exterior without violating any privacy interest of the owner or the person from whom the container was seized. For example, the police can observe, feel, smell, shake and weigh it. Furthermore, not all containers found by the police during a search merit the same protection under Article I, section 9. Some containers, those that by their very nature announce their contents (such as by touch or smell) do not support a cognizable privacy interest under Article I, section 9. *Transparent containers* (such as clear plastic baggies or pill bottles) *announce their contents.* The contents of *transparent* containers are visible virtually to the same extent as if the contents had been discovered in 'plain view,' outside the confines of any container. Applying the doctrine of 'plain view' to *transparent* containers, we hold that no cognizable privacy interest inheres in their contents, and thus that *transparent* containers can be opened and their contents seized. No warrant is required for the opening and seizure of the contents of *transparent* containers or containers that otherwise announce their contents. Under the Oregon Constitution, a lawful seizure of a *transparent* container is a lawful seizure of its contents." 302 Or at 206. (Emphasis supplied.)

The court then concluded:

"Therefore, we hold that, when there is probable cause to believe that a lawfully seized *transparent* container contains a controlled substance, opening the container, removing a modest quantity of its contents and subjecting it to chemical analysis for the sole purpose of confirming that it is a controlled substance, is not a 'search' or 'seizure' under the Oregon Constitution. Any language to the contrary in *State v. Lowry, supra,* is expressly disapproved. Article I, section 9, does not require that the police obtain a warrant before opening the *transparent* vial and clear plastic package lawfully seized from defendant's purse herein or testing their contents for the limited purpose of confirming the police officer's reasonable belief that they contained controlled substances." 302 Or at 207. (Emphasis supplied.)

In this case, the officer stated that he could not see through the container, and the majority correctly states that

it is not a container that announces its contents. 109 Or App at 650. The distinction that the court made in *Owens* must mean that, even if the officer had the authority to seize the container, he could not, without a warrant, open it. That holding was followed in both *State v. Forseth, supra,* and *State v. Westlund, supra.*[1]

Concededly, there are ambiguities in *Owens* and the language that the majority quotes, 109 Or App at 649, was relied on by this court in *State v. Eddy,* 107 Or App 489, 812 P2d 42 (1991), to justify the opening of an envelope seized from the defendant. If *State v. Owens, supra,* means what I believe that it means, that decision was also wrong. Perhaps it is time for the Supreme Court to revisit the problem.

I dissent.

---

[1] The foregoing discussion assumes that the officer had probable cause to believe that defendant was under the influence of a controlled substance other than alcohol. He conceded that, after he placed defendant under arrest for DUII, he patted him down for *weapons* and that, even after he found the plastic container, he did not charge defendant with possession of a controlled substance. That charge was not made until after the contents of the container had been tested.