Argued and submitted April 30, 1992, affirmed January 19, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK CORNELIUS CLAXTON,
*Appellant.*

(C90-11-36228; CA A70528)

867 P2d 526

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

DEITS, J.

Durham, J. pro tempore, dissenting.

## DEITS, J.

■    Defendant was convicted of possessing methamphetamine, ORS 475.992, and unlawfully possessing a firearm, ORS 166.250. On appeal, he contends that the trial court erred in denying his motion to suppress. We affirm.

At midnight, Officer Rivett stopped defendant because his car was towing a trailer that had no lights and had illegal fenders. Defendant does not contest the lawfulness of the stop. Rivett parked her patrol vehicle, with its overhead emergency lights flashing, behind his trailer. As she approached the driver's side window, she saw him place his wallet on the seat. Rivett requested his license, registration and proof of insurance. She testified that she did not believe that he produced a license at that time. The evidence does not show whether he did produce the registration or proof of insurance. However, the trial court found that he did not show Rivett a driver's license.

Rivett's partner, Reserve Officer Gallagher, was standing on the passenger side of the vehicle. As Rivett was questioning defendant, Gallagher told her that he thought defendant was trying to conceal something under his arm. Rivett asked defendant to step out of the vehicle and walk to the sidewalk. She did a pat-down search of defendant because of her concern that there might be a weapon under his arm, but she did not find anything. Rivett then asked defendant for permission to search the car, and he consented. She asked him to wait on the sidewalk with Gallagher. She entered the car and opened the wallet that was on the front seat. She found some identification and a plastic bag containing white powder that later proved to be methamphetamine. Behind the driver's seat, she found a handgun and ammunition under a rag. Elsewhere in the passenger compartment, she discovered a drug kit. She searched the trunk and found a rifle. She then arrested defendant.

Defendant argues that the trial court erred in denying his motion to suppress, because Rivett's request for consent to search his car impermissibly extended the scope of the stop. Defendant contends that this was a traffic stop and that, pursuant to ORS 810.410(3)(b), the officers were limited in their scope of inquiry to stopping and detaining him

"for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

■ However, as we held in *State v. Aguilar*, 126 Or App 22, 867 P2d 520 (1994), an officer does not need authority to ask a person for consent to search. The fact that a request for consent occurs during the course of a traffic stop is a factor in evaluating the voluntariness of consent, but it does not invalidate consent. The officer's request for consent was proper. Defendant does not argue that his consent was not voluntary. The trial court did not err in denying the motion to suppress.

Affirmed.

**DURHAM, J. pro tempore,** dissenting.

The majority holds that Rivett's request, during the stop, for consent to search the car is proper, because "an officer does not need authority to ask a person for consent to search." 126 Or App at 38. Because ORS 810.410(3) controls the officer's authority to question a driver, during a stop, about his willingness to consent to a search, the majority's conclusion is incorrect. *See State v. Aguilar*, 126 Or App 22, 29-34, 867 P2d 520 (1994) (Durham, J. pro tempore, dissenting); *State v. Bucholz*, 114 Or App 624, 627, 836 P2d 180 (1992).

The prosecutor never asked and the officer never stated her reason for requesting consent to search the car. On the record, we cannot determine what the officer actually believed was the legal basis for that action. *See State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). Thus, we cannot determine whether the request for consent bore a reasonable relationship to the purpose of the stop, or whether it was authorized on some basis other than the traffic infraction. *State v. Porter*, 312 Or 112, 120, 817 P2d 1306 (1991). The state has not met its burden to show that this warrantless search was authorized. ORS 810.410(3); *State v. Baker*, 100 Or App 31, 33, 784 P2d 446 (1989).

For these reasons, I dissent.