Argued and submitted September 23, reversed and remanded November 19, 1997

In the Matter of
Ritesh Singh, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

RITESH SINGH,
*Appellant.*

(9508-82445; CA A94652)

949 P2d 303

Leland R. Berger argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Child appeals from a judgment finding him to be within the jurisdiction of the court for committing acts which, if committed by an adult, would constitute unlawful possession of a firearm. ORS 166.250. He assigns error to the trial court's denial of his motion to suppress evidence obtained during a search of his backpack. We review *de novo,* ORS 419A.200(5), and reverse and remand.

On March 12, 1996, Portland Police Officers McKillips and Cummings spoke with a female juvenile in the parking lot of a motel on 6th Avenue in Portland. She said that she had left personal belongings in a room of the motel and asked the officers to help her retrieve them. McKillips testified that he and Cummings went to the room and knocked on the door and child answered.[1] Cummings recognized child and remembered that there was an outstanding warrant for child's arrest as a runaway. The officers entered the motel room, which was occupied by child and another juvenile, and arrested child. After handcuffing child and seating him on the bed, McKillips picked up a closed backpack, which was lying either on the floor or on the nightstand. McKillips asked child if the backpack was his, and child said that it was. The officer then asked child for permission to search the backpack. After child refused, McKillips patted the outside of the backpack and felt the outline of a small, hard object resembling a handgun. He opened the backpack and found a small automatic handgun.

The juvenile department filed a petition alleging that child's possession of the handgun was an act that, if committed by an adult, would constitute unlawful possession of a firearm. ORS 166.250. At trial, child moved to suppress the evidence of the handgun, arguing first that the officers' entry into the motel room was unlawful and second that McKillips had insufficient justification to search the backpack. The trial court denied the motion, stating that

---

[1] Child disputed this testimony, claiming initially that the door was standing open and the officers simply walked in, and later that the door was closed but unlocked and the officers entered without knocking. The trial court made a specific credibility finding favoring the officer's testimony. Because of our resolution of this case, we need not revisit that finding.

"as far as the bag is concerned, I think the officers' safety is a legitimate reason to at least get as far as feeling the bag and finding there was a gun in it, or what he believed to be a gun. Then I think he had the authority under those exigent circumstances to look inside and take the weapon."

Because we find that McKillips improperly searched child's backpack, we do not reach child's argument that the entry was unlawful.

Child argues that the warrantless pat-down and opening of his backpack violated prohibitions on unreasonable searches and seizures contained in Article I, section 9, of the Oregon Constitution, and in the Fourth Amendment to the United States Constitution. We address state constitutional claims first, and then, if necessary, consider arguments under the federal constitution. *State v. Nielsen*, 316 Or 611, 618, 853 P2d 256 (1993). A warrantless search is " 'reasonable' under Article I, section 9, when the search falls into one or another of the recognized exceptions to the warrant requirement." *State v. Paulson*, 313 Or 346, 351, 833 P2d 1278 (1992) (citations omitted).

■    The state contends that the initial pat-down and subsequent opening of the backpack fits within the search incident to arrest exception. Under Article I, section 9, a warrantless search incident to arrest can be justified in the interest of preserving evidence, uncovering evidence relevant to the crime for which defendant is being arrested, and protecting the officer's safety. *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982). McKillips' handling of child's backpack is justified, the state argues, on officer safety grounds.[2]

■    Searches incident to arrest for officer safety take two forms. First, "a pat-down or limited search for weapons to protect the officer or to prevent escape [is] justified whenever a person is taken into custody." *State v. Owens*, 302 Or 196,

---

[2] The state also relies on *State v. Dempster*, 248 Or 404, 408, 434 P2d 746 (1967), which holds that the discovery of an existing arrest warrant may purge the taint of an officer's prior illegal conduct. *See also, e.g., State v. Snyder*, 72 Or App 359, 364, 695 P2d 958, *rev den* 299 Or 251 (1985). *Dempster* and its progeny would be relevant to a discussion of the legality of the officers' entry into the motel room. They do not help the state here, however, because McKillips' impermissible search of the backpack occurred *after* the discovery of the warrant for child's arrest.

200, 729 P2d 524 (1986); *State v. Hoskinson*, 320 Or 83, 87, 879 P2d 180 (1994). Beyond that initial limited intrusion, a further, expanded search incident to arrest for officer safety may be permissible if it is reasonable in the light of all the circumstances surrounding the arrest. *Caraher*, 293 Or at 758-59. An officer must have a "reasonable suspicion, based on specific and articulable facts, that the person in custody poses a serious threat of harm or escape" for that further protective search to be justified. *Hoskinson*, 320 Or at 87.

The state argues first that McKillips' pat-down of the backpack was part of the initial "pat-down or limited search for weapons," which is always justified when a person is taken into custody. *See Owens*, 302 Or at 200. Thus, the first issue we face is whether police officers may pat down the belongings of a handcuffed arrestee as part of the initial *Owens* pat-down, when those belongings are not immediately accessible to the arrestee or on the arrestee's person.

Neither this court nor the Supreme Court has precisely defined the scope of the *Owens* "pat-down or limited search." We have stated, however, that the intrusion must be "reasonable in time, scope and intensity in view of all the facts," *State v. Yoakum*, 104 Or App 291, 294, 799 P2d 1150 (1990), and have addressed the reasonableness of particular *Owens* pat-downs in several cases.

In *Yoakum*, we affirmed the trial court's suppression of evidence obtained during an arrest. *Id*. at 295. After handcuffing the defendant, the arresting officer reached inside the defendant's pocket and removed two packages containing narcotics. The officer had not patted the defendant down before reaching into his pocket. The court held that the officer exceeded the permissible scope of the *Owens* pat-down by exploring the defendant's pockets instead of merely patting the outside of his clothing. *Id*. at 294. Nor could the intrusion be justified as an expanded search incident to arrest, because the officer had not articulated facts leading to a reasonable belief that the defendant was carrying a weapon or tools of escape. *Id*. at 295.

In *State v. Ching*, 107 Or App 631, 635, 813 P2d 1081 (1991), the court ordered the suppression of evidence obtained from the defendant's coat pocket. The officer had not

patted the defendant down, and the court ruled that if he had, he would not have felt anything that would have given rise to a reasonable suspicion justifying an expanded search. *Id*. at 634. The officer could not have reached into the defendant's pockets as part of the initial pat-down and had not articulated facts sufficient to support an expanded search incident to arrest; thus, the evidence from the defendant's pockets was suppressed. *Id*. at 634-35. In *State v. Mesa*, 110 Or App 261, 265, 822 P2d 143 (1991), *rev den* 313 Or 211 (1992), the court upheld a search incident to arrest where the officer patted the defendant down, felt the outline of an object resembling a weapon, and searched the inside of the defendant's pocket. There, the initial pat-down was justified under *Owens*, and the expanded search of the defendant's pockets incident to arrest was supported by the specific and articulable fact that the officer felt the outline of a weapon during the pat-down. *Id*.

■ Those cases establish the general proposition that the initial *Owens* pat-down does not extend to a search of the interior of an arrestee's pockets, unless that search can be justified as an expanded search incident to arrest. None of those cases is dispositive of the issue before us, but they demonstrate our reluctance to expand the scope of the initial *Owens* search beyond a pat-down of the exterior of an arrestee's clothing and of items on his person. That is significant here, where the state is arguing that the *Owens* pat-down should encompass not merely the exterior of child's clothing but the exterior of a backpack that is neither on his person nor within his reach.

■ We decline to extend the *Owens* exception in the manner the state urges. *Owens* states a *per se* rule defining the scope of search which is reasonable in *every* arrest. The justifications for *always* allowing some limited warrantless search incident to arrest are clear: The proximity of an officer to an arrestee during arrest and handcuffing makes it imperative that the arrestee not have immediate access to a weapon or tool of escape that might be easily concealed and reachable even if the arrestee were handcuffed. *See, e.g., State v. Dickerson*, 135 Or App 192, 195, 898 P2d 193 (1995). But those justifications also define the limits beyond which

the *Owens* search should not be expanded. When the immediate danger of handcuffing and arresting a suspect has passed, and the officer has determined that the arrestee has no means of escape concealed on his person, the justification for the *per se Owens* search has ended. Any further search incident to arrest must be justified by specific and articulable facts. *Hoskinson*, 320 Or at 87.

In this case, child had no opportunity to access any weapon or tool of escape from his backpack. Child was already arrested and handcuffed, and presumably had been patted down. His backpack was not within his reach, and nothing in the record indicates that it would have been returned to him at any time before his release from custody. Mindful that the limited *Owens* search must be reasonable in time, scope and intensity in view of all the facts, we are unwilling to stretch that limited exception to fit these facts. McKillips' pat-down of child's backpack cannot be justified as the kind of "pat-down or limited search for weapons" that may accompany any custodial arrest.

That result is consistent with our cases addressing what officers may do with closed containers they have seized incident to arrest. We have held that once the police have seized a closed container from an arrestee, the threat to officer safety from any item within that container has dissipated, and the police can protect themselves by taking steps short of conducting a search while waiting to obtain a search warrant. *See, e.g., State v. Jones*, 103 Or App 316, 319, 797 P2d 385 (1990) (once officer seized metal box, "he no longer had reason to believe that it posed a threat to him" because "he could simply have withheld it from defendant"); *State v. Meyer*, 120 Or App 319, 331, 852 P2d 879 (1993) ("[a]ny threat that the box might have posed and, accordingly, any authority to act for officer safety, dissipated as soon as the box was in the control of the police"); *State v. Schellhorn*, 95 Or App 297, 301, 769 P2d 221 (1989) (same). We are not inclined to expand the initial officer safety pat-down allowed by the *Owens* court so as to permit a tactile search of a closed container in a case like this one, where any real threat to officer safety had dissipated.

■    Accordingly, McKillips' pat-down of the backpack was an expanded search incident to arrest. As such, it can be upheld only if the officer testified to specific and articulable facts supporting a reasonable belief that the backpack contained weapons or tools of escape. *See Hoskinson*, 320 Or at 87. Here, the record contains no such testimony.

Because of our holding, we do not reach child's argument that the officers' entry into the motel room was illegal.

Reversed and remanded.